UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
February 1, 2019
CCO-036

No. <u>18-1009</u>

UNITED STATES OF AMERICA

v.

REGINALD SMITH
a/k/a SMOOTH
a/k/a ROGER

Reginald Smith,
　　　　　　　Appellant

(E.D. Pa. No. 2-14-cr-00555-001)

Present: CHAGARES, RESTREPO, and SCIRICA, <u>Circuit Judges</u>

1. Motion by Appellee USA for leave to be excused from filing a brief and to summarily remand.

　　　　　　　　　　　　　　　　　　　Respectfully,
　　　　　　　　　　　　　　　　　　　Clerk/LMR

_____ORDER_____

　　　The Government's motion for permission to be excused from filing a brief and for summary remand is granted. <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6. In 2016, appellant Reginald Smith pleaded guilty to two sex trafficking offenses. Smith's initial advisory sentencing guidelines range, based on his criminal history category of V and offense level of 41, was calculated to be 360 months' to life imprisonment. Because Smith provided significant cooperation in several other federal criminal prosecutions, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. At Smith's sentencing hearing, the District Court granted the Government's motion for a downward departure and then adopted the advisory sentencing guidelines calculation of 360 months' to life imprisonment. Ultimately, the District Court sentenced Smith to a term of 360 months' imprisonment on each count, to run concurrently, which was within Smith's initial guidelines range.

　　　The District Court erred in granting a downward departure from Smith's initial advisory sentencing guidelines range but ultimately imposing a sentence within that range without explanation. <u>See</u> <u>United States v. Vazquez-Lebron</u>, 582 F.3d 443, 445-47

(3d Cir. 2009); see also United States v. Fumo, 655 F.3d 288, 319 (3d Cir. 2011) (explaining that if a district court grants a downward departure, the court should "calculate a final guidelines range," and, "[t]aking th[at] final guidelines range as advisory, it should only then consider the sentencing factors included in 18 U.S.C. § 3553(a), decide whether to vary from the guidelines, and determine the appropriate sentence"); United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (describing the three-step sentencing process district courts must follow).  A "sentence reached after granting a departure motion must be less than the bottom of the otherwise applicable Guidelines range."  United States v. Floyd, 499 F.3d 308, 312-13 (3d Cir. 2007); see Vazquez-Lebron, 582 F.3d at 445-46 (stating that although "[a] District Court need not follow a particular formula in calculating a § 5K1.1 departure. . . . a downward departure must result in a sentence below the otherwise applicable guideline range").  Accordingly, because "we cannot be sure that the district court would have imposed the same sentence if not for the error," see Vazquez-Lebron, 582 F.3d at 446, the judgment of sentence entered on December 21, 2017, is vacated and this matter is remanded for resentencing in accordance with this Order.

By the Court,

s/ L. Felipe Restrepo
Circuit Judge

Dated: March 12, 2019
Lmr/cc: Michelle Morgan
Daniel M. McGarrigle

Certified as a true copy and issued in lieu of a formal mandate on    April 3, 2019

Teste: *[signature]*
**Clerk, U.S. Court of Appeals for the Third Circuit**